IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** | CIVIL ACTION NO. 1:07-CV-1019 |
|     **Plaintiff** | (Judge Conner) |
|     v. | |
| **CROCKETT**, et al. | |
|     **Defendants.** | |

**MEMORANDUM**

**I.    Background**

On June 4, 2007, plaintiff Frederick Banks, a federal inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), filed this *pro se* Bivens[1] styled civil rights action pursuant to 28 U.S.C. § 1331. Named as defendants are the United States of America, the Federal Bureau of Prisons, and various prison officials from FCI-Yazoo City and two of plaintiff's former places of confinement, the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner Low") and the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania. In his complaint, plaintiff alleges that FCI-Yazoo City, FCI-Butner Low, and USP-Canaan prison officials

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

have "conspired to deny [plaintiff] of his constitutional rights to Equal Protection, Due Process, Fifth, Ninth, and Eighth Amendment rights. Defendants entered into and had a contract together to violate [plaintiff's] constitutional rights." (Doc. 1 at ¶ 1.) Along with his complaint, plaintiff submitted a motion requesting leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 312.

Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes" referred to in 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding

that dismissals based on frivolousness before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'"). The "three strikes" provision does not bar a disqualified inmate from filing additional actions, but it does deny him the opportunity to proceed *in forma pauperis* and requires him to pay the $350.00 filing fee.

For purposes of screening the instant case under the PLRA, the court takes judicial notice of the following civil rights actions filed by plaintiff that were dismissed as legally frivolous or for failure to state a claim upon which relief can be granted: (1) Banks v. Hayward, et al., civil action no. 2:06-cv-00509 (W.D. Pa. May 30, 2006) (Lancaster, J.); Banks v. Hayward, et al., civil action no. 2:06-cv-01572 (W.D. Pa. Jan. 10, 2007) (Lancaster, J.); Banks v. Dove, et al., civil action no. 1:06-cv-02289 (M.D. Pa. Jan. 16, 2007) (Conner, J.); and, Banks v. Pittsburgh Tribune Review, et al., civil action no. 2:07-cv-00336 (W.D. Pa. May 4, 2007) (Lancaster, J.).

Turning to plaintiff's present action, there is no indication that plaintiff is under "imminent danger of serious physical injury" due to the alleged conspiracy of FCI-Yazoo City, FCI-Butner Low, and USP-Canaan prison officials. His allegations in the complaint relate to his current work placement at FCI-Yazoo City, denial of a teaching position at FCI-Yazoo City, a malfunctioning printer in the FCI-Yazoo City library, and denial of a request to use the unit typewriter at FCI-Yazoo City. There is no indication in the complaint that these allegations can be construed as imposing "imminent danger of serious physical injury." Thus, plaintiff is not

entitled to proceed *in forma pauperis*, and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    An appropriate order will issue.

                                                      S/ Christopher C. Conner
                                                     CHRISTOPHER C. CONNER
                                                     United States District Judge

Dated:       June 7, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-1019 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CROCKETT**, et al. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 7th day of June, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order will be deemed not taken in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge