# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-1019 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CROCKETT**, et al. | : | |
| Defendants. | : | |

## MEMORANDUM

Presently before the court is plaintiff Frederick Banks' ("Banks") motion for reconsideration of the court's memorandum and order of June 7, 2007 (Doc. 5), denying Banks' motion for leave to proceed *in forma pauperis*, and dismissing without prejudice his *pro se* Bivens[1] styled civil rights action pursuant to 28 U.S.C. § 1331. For the reasons that follow, the instant motion (Doc. 6) will be denied.

## I. Background

Banks, a federal inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), filed this *pro se* Bivens action on June 4, 2007, alleging that prison officials from FCI-Yazoo City, the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner Low"),

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

and the United States Penitentiary at Canaan in Waymart, Pennsylvania ("USP-Canaan"), "conspired to deny [Banks] of his constitutional rights to Equal Protection, Due Process, Fifth, Ninth, and Eighth Amendment rights. Defendants entered into and had a contract together to violate Banks' cited constitutional rights." (Doc. 1 at ¶ 1.) However, the allegations in the complaint addressed only Banks' current work placement at FCI-Yazoo City, denial of a teaching position at FCI-Yazoo City, a malfunctioning printer in the FCI-Yazoo City library, and denial of a request to use the unit typewriter at FCI-Yazoo City. As relief, Banks sought damages totaling $420,000,000. He also submitted a motion requesting leave to proceed *in forma pauperis*. (Doc. 2.)

By memorandum and order dated June 7, 2007, the court dismissed Banks' complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision.[2] (Doc. 5.) Specifically, the court found that four other civil actions filed by Banks had been dismissed as legally frivolous or for failure to state a claim upon which relief can be granted, prior to the filing of the complaint in this court on June 4, 2007. (See id. at 3.) Further, the court found no indication that the allegations in the complaint could be construed as imposing "imminent danger of serious physical injury." (Id.) As a result, the court

---

[2] The "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc).

determined that Banks was not entitled to proceed *in forma pauperis*, and the action was dismissed, without prejudice.

Consequently, Banks filed the instant motion for reconsideration. (Doc. 6.) After careful review, the court will deny the motion.

## II.    Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or

issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Banks asserts, for the first time, that he is in "imminent danger of serious physical injury" because defendants have refused to honor the medical clearance Banks received from bending and lifting at his work placement with the FCI-Yazoo City's food services due to curvature of his spine, otherwise known as scoliosis. (Doc. 6.) Given this assertion, the court construes Banks' motion for reconsideration as one relating solely to his claim regarding his work placement at FCI-Yazoo City.

Applying the standard used when a party seeks reconsideration, the court concludes that Banks has not demonstrated applicable grounds for reconsideration of the claim related to his work placement at FCI-Yazoo City. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Banks' restated arguments with new supporting facts do not constitute new evidence that was not available when the court entered judgment. Stated otherwise, Banks' assertion that he is now in imminent danger of physical injury in his work placement due to his scoliosis does not constitute new evidence that would lead this court to reconsider Banks' claims.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     August 6, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** | : CIVIL ACTION NO. 1:07-CV-1019 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **CROCKETT**, et al. | : |
| **Defendants.** | : |

## **ORDER**

AND NOW, this 6th day of August, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 6) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge